**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-20222
Summary Calendar

EARNEST EDWARD DACUS,

Plaintiff-Appellant,

VERSUS

MARVIN T. RUNYON, Postmaster General,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-93-2309)

November 28, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant was employed by the Postal Service and was fired after being indicted for a drug offense. He filed a claim with the EEOC and the Merit Systems Protection Board seeking reinstatement, to no avail. Appellant then filed this suit alleging race discrimination as the reason he was not reinstated. The Appellee moved for summary judgment which the district court granted.

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Appellant appeals.  We affirm.

In this Court, Appellant first complains that the district court's consideration of prior EEOC proceedings relating to his firing and attempted reinstatement deprived him of his right to trial de novo under Title VII.  His position is wrong as a matter of law.  The United States Supreme Court decision which recognizes the right to de novo trial in federal Title VII actions also declared that "[p]rior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal sector trial de novo,".  Chandler v. Roudebush, 425 U.S. 840, 863 n.39.  See also Fed. R. of Evid. 803(8)(c).  Cortes v. Maxus Exploration Co., 977 F.2d 195 (5th Cir. 1992).  The documented proceedings were submitted in support of Appellee's motion for summary judgment and were properly considered.  There is no rule which makes summary judgment procedures inapplicable in federal Title VII proceedings.

Appellant also complains that the district court deprived him of discovery.  The record shows, however, that the parties were afforded by the pretrial order the period from October 15, 1993 to October 14, 1994 for discovery.  During this period, Appellant did no discovery. He first sought discovery five days after the discovery period ended.  The Appellee objected and the district court sustained the objection.  We find no abuse of discretion in that action.

AFFIRMED.

2